IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD J. JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:11cv54 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Richard Johnson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his 2000 burglary conviction, for which he received a sentence of 30 years in prison. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On March 11, 2001, the Magistrate Judge ordered Johnson to pay the statutory $5.00 filing fee or file an application for leave to proceed *in forma pauperis* which is accompanied by a certified inmate trust account data sheet.

When these documents were not received, the Magistrate Judge issued a Report on May 21, 2011, recommending that Johnson's petition be dismissed. The Magistrate Judge noted Johnson's failure to prosecute or to obey an order of the Court, as shown by his failure to pay the fee or properly request *in forma pauperis* status, but said that his petition suffered from a more serious flaw. Specifically, the Magistrate Judge said, Johnson has previously sought habeas corpus relief regarding this same conviction, and did not show that he has received permission from the Fifth Circuit Court of Appeals to file a successive petition, as required by 28 U.S.C. §2254(b)(3). Because

1

Johnson has not received such permission from the Court of Appeals, the Magistrate Judge concluded that the district court lacked jurisdiction to consider his claims. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). The Magistrate Judge therefore recommended that the petition be dismissed without prejudice, with refiling conditioned upon receipt of leave from the Fifth Circuit Court of Appeals to file a successive petition.

Johnson filed objections to the Magistrate Judge's Report. In his objections, Johnson says first that he processed an inmate trust account data sheet and mailed it to the Court. The docket sheet shows that Johnson's application for leave to proceed *in forma pauperis*, and data sheet, were received on May 25, 2011, the same day as Johnson's objections. The application was signed by Johnson on May 19, and the data sheet is dated May 20, 2011. The Magistrate Judge obviously could not have considered these documents, inasmuch as they had not yet been received at the time of the Report.

Next, Johnson complains that the Fifth Circuit "does not answer letters or motions sent to them directly from appellants. The motions must be sent from and through this court, the same way in which a 2254 is appealed up to the 5th Circuit through the district court. Therefore this court is the appropriate court of appeals." He goes on to complain that there are no documents or forms for requesting permission from the Fifth Circuit, and that the district court can rule on certificates of appealability. Johnson requests a certificate of appealability, but only seeks the issuance of a certificate on the underlying grounds for relief in his petition, and not the grounds upon which the Magistrate Judge recommended that the petition be dismissed.

Johnson's objections are without merit. While he has now sought leave to proceed *in forma pauperis*, albeit belatedly, this omission did not form the basis for the Magistrate Judge's recommendation in the case. Instead, the Magistrate Judge relied on the fact that Johnson had previously sought and been denied habeas corpus relief concerning this same conviction, and thus is required to obtain leave from the Court of Appeals to file a successive petition.

Johnson's assertion that he cannot obtain permission because the Court of Appeals does not answer letters and motions is likewise without merit. This Court is familiar with cases in which the Court of Appeals has granted permission to file a successive petition. *See, e.g.*, In re Komolafe, cause no. 04-40007 (5th Cir., March 2, 2004). In that case, the docket of the Fifth Circuit shows that the Petitioner filed a motion for authorization to file a successive petition on January 7, 2004, and the motion was docketed as an original proceeding. On March 2, 2004, the Fifth Circuit issued an order granting permission to file a successive petition.

In addition, as the Magistrate Judge also observed, the district court lacks jurisdiction to consider claims raised in a successive petition until such permission has been obtained. Crone, 324 F.3d at 836. Johnson's contention that the district court is the proper court from which to secure permission is without merit.

Finally, Johnson requests a certificate of appealability, but only cites issues concerning his underlying challenge to the conviction; he does not seek a certificate of appealability regarding the conclusion that he has failed to obtain leave to file a successive petition and so the district court lacks jurisdiction to consider his claims, including the claims upon which he seeks issuance of the certificate. As the Magistrate Judge stated, Johnson has failed to show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the Court lacked jurisdiction because Johnson has not obtained leave to file a successive petition. Johnson is not entitled to a certificate of appealability and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, subject to receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition. Johnson may refile his petition at such time as he obtains permission to do so, but may not refile without such permission. It is further

ORDERED that Johnson is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate relates only to an appeal of this case, and shall have no effect upon Johnson's right to seek permission to file a successive petition, nor to fully pursue such petition upon receipt of such permission. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **27** day of **May, 2011.**

_____
Ron Clark, United States District Judge